# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JERRY WILLIAMSON and
HORACE WINCHESTER,

      Plaintiffs,[1]

   v.

MARC GRANO, as personal representative
of the Estate of CAROL CANTRELL; and
JACK CANTRELL,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO STRIKE

THIS MATTER comes before the Court upon Defendants' Motion to Strike, filed September 24, 2018 **(Doc. 33)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is denied.

## BACKGROUND

This case originated as a wrongful death lawsuit in state court, filed in the County of San Miguel, Fourth Judicial District Court, on March 29, 2018. In that lawsuit, Defendant Marc Grano, as personal representative of decedent Carol Cantrell, is suing Plaintiff Jerry Williamson for Ms. Cantrell's allegedly wrongful death from a fatal complication of untreated diabetes. Mr. Williamson is member/owner of WW Healthcare, L.L.C. which does business as Princeton Place, a skilled nursing facility located in Albuquerque, New Mexico. On May 9, 2018, Plaintiff Williamson (the defendant in the state court action) filed this separate federal action to compel

---

[1] Mr. Winchester was recently added as a Plaintiff in this case. *See* Doc. 50.

arbitration of all matters related to the care and treatment that Ms. Cantrell received at Princeton Place.

Defendants seek to strike several pleadings filed by Plaintiff relating to Plaintiff's Motion to Compel Arbitration, collectively referred to as Plaintiffs' Motion to Compel Arbitration:

- Williamson's Motion and Memorandum of Law in Support of His Motion to Compel Arbitration (Doc. 3);

- Plaintiff Williamson's Reply in Support of His Motion to Compel (Doc. 28); and

- Horace Winchester's Notice of Joinder in both Plaintiff's Motion and Reply and Notice of Completion of Briefing on Plaintiffs' Motion to Compel Arbitration (Docs. 29 and 31, respectively).

**DISCUSSION**

Plaintiffs' Motion to Compel Arbitration was filed on May 10, 2018. Defendants have not filed a response. Defendants have filed two Motions to Dismiss Amended Complaint to Compel Arbitration, both pursuant to Rule 12(b) and both of which have been fully briefed: one motion addresses the merits based on the arbitration agreement at issue here (Doc. 24) while the other seeks dismissal on jurisdictional grounds (Doc. 36).[2]

Defendants claim they are not required to file a response to Plaintiffs' Motion to Compel Arbitration at this time for two reasons. First, Defendants contend that it is not appropriate to serve a response when a jurisdictional challenge is pending. In an e-mail exchange, counsel for Defendants advised counsel for Plaintiffs that Defendants' Rule 12 jurisdictional motion tolled deadlines for responding to dispositive motions, just as it tolls the filing of an answer to a complaint. *See* Doc. 33-2 at 2 (e-mail exchange). Second, defense counsel believes that the Court cannot grant relief to Plaintiffs based on their motion to compel arbitration because the complaint has been amended. Defense counsel therefore takes the position that Plaintiffs would have to re-

---

[2] Defendants filed two other motions to dismiss which were withdrawn, *see* Docs. 21 and 34.

file their motion to compel arbitration before the Court could consider it. Doc. 33-2 at 2. However, neither of these reasons are legally legitimate excuses for not responding to Plaintiffs' motion to compel arbitration:

First, Defendants misunderstand the federal procedural rules with regard to tolling of the time period for the filing of responsive pleadings. Rule 12(b) states that "[a] motion asserting [12b] defenses (such as lack of jurisdiction) must be made before pleading if a responsive pleading is allowed." However, a "motion" is not a pleading. Fed.R.Civ.P. 7(a) lists the documents which constitute a "pleading":

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a); *see also* Fed.R.Civ.P. 15 advisory committee's notes ("a motion is not a 'pleading' as defined in Rule 7"); *Foresight Prod., LLC v. Bond Mfg. Co.*, No. CIVA09CV02629CMABNB, 2010 WL 1904522, at *1 (D. Colo. May 11, 2010). Motions are not listed in the category of "pleadings," but instead are included under Rule 7(b) ("[m]otions and other papers"). Thus, Rule 12(b) tolls the deadline for the filing of an answer to a *complaint* when a motion is filed asserting Rule 12(b) defenses, but it does not toll the deadline for filing a response to a *motion*. Defendants cannot rely on Rule 12—or any other federal procedural rule—to excuse their failure to file a response to Plaintiffs' motion to compel arbitration. In fact, under this Court's local rules, "the failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ.7.1(b).

Second, Defendants are mistaken that Plaintiffs' amendment of the complaint requires that the motion to compel be stricken and then re-filed. As Plaintiffs explain, the amendment of the complaint was limited to the addition of Mr. Winchester as plaintiff, and no substantive changes were made as to the factual background of the case or the causes of action. Doc. 39 at 5. Plaintiffs' motion to compel may therefore be considered as pending for ruling by this Court.

Third, Defendant is also mistaken that a party is excused from complying with briefing deadlines when that party has raised a jurisdictional challenge in another motion. It is true that jurisdictional challenges must be decided before a court can address the merits of a case. *See Payton v. U.S. Dept. of Agriculture*, 337 F.3d 1163 (10th Cir. 2003) (jurisdiction is a threshold question that a federal court must address before reaching the merits). However, parties are expected to comply with this Court's briefing rules for all motions that are filed, so that they are ready to be prioritized by the Court for its examination and ruling.

Defendants have offered no good reason for their failure to respond to Plaintiffs' motion to compel arbitration, and under the Court's local rules, this failure constitutes consent to grant Plaintiffs' motion. However, the local rules "may be waived by a Judge to avoid injustice." D.N.M.LR-Civ. 1.7. This is a close call. On one hand, Defendants' reasons for not filing a response to the motion to compel are based on a lazy interpretation of the federal rules of civil procedure. Attorneys who practice in federal court are expected to have a working knowledge of these rules, and the Court is reluctant to reward defense counsel's misguided reading of them. On the other hand, defense counsel did advise Plaintiffs' counsel that Defendant's Rule 12 motion to dismiss was not intended to serve as a response to Plaintiffs' motion to compel. Doc. 33-2 at 2.[3]

---

[3] The Court assumes that the motion to dismiss referred to in the e-mail is the earlier motion to dismiss (Doc. 24) rather than the later jurisdictional motion to dismiss (Doc. 36), because the e-mail is dated prior to the filing of the later motion to dismiss.

This means that Defendants intended at some time to respond to the motion, and so the Court will refrain from applying the local rule which would effectively grant Plaintiffs' motion. Instead, the Court orders the following:

(1) The Court DENIES Defendants' Motion to Strike **(Doc. 33)** for reasons described in this Memorandum Opinion and Order;

(2) Defendant shall file a response to Plaintiffs' Motion to Compel Arbitration (Doc. 3) **on or before THREE (3) weeks from the entry of this Order;**

(3) Plaintiffs may file a reply **THREE (3) weeks from the filing of the response**.[4] The reply already filed by Plaintiffs (Doc. 28) will not be considered by the Court in ruling on the motion to compel arbitration.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs have already filed a reply to their motion to compel, even though no response had been filed. In the reply, Plaintiffs argue that Defendants' failure to file a response constitutes waiver and consent to grant their motion. Doc. 28. That reply is no longer relevant given the Court's rulings herein.