**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

JERRY WILLIAMSON and
HORACE WINCHESTER,

      Plaintiffs,

    v.                                No. 1:18-cv-00432-WJ-SCY

MARC GRANO, as personal representative
of the Estate of CAROL CANTRELL; and
JACK CANTRELL,

      Defendants.

## MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT TO COMPEL ARBITRATION PURSUANT TO RULE 12

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss Plaintiffs' Amended Complaint to Compel Arbitration Pursuant to Rule 12 of the Federal Rules of Civil Procedure, filed on September 6, 2018 by Defendants Marc Grano and Jack Cantrell **(Doc. 24)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is not well-taken and, therefore, is denied.

## BACKGROUND

This case stems from a wrongful death lawsuit in state court, filed in the County of San Miguel, Fourth Judicial District Court, involving the death of Carol Cantrell. *See* Doc. 21-1 (state court complaint). In that lawsuit, Marc Grano as personal representative of Carol Cantrell's estate and Jack Cantrell, Carol's brother, are suing Plaintiff Jerry Williamson for Ms. Cantrell's allegedly wrongful death from a fatal complication of untreated diabetes.[1] Mr. Williamson is member/owner

---

[1]  Horace Winchester was recently added as a plaintiff.  Doc. 50.

of WW Healthcare, L.L.C. which does business as Princeton Place, a skilled nursing facility located in Albuquerque, New Mexico. On May 9, 2018, Plaintiff Williamson (who is the defendant in the state court action) filed this independent and separate federal action to compel arbitration of all matters related to the care and treatment that Ms. Cantrell received at Princeton Place.

Defendants seek dismissal of Plaintiffs' Amended Complaint to Compel Arbitration on three grounds:

(1)     Plaintiffs are not the real parties in interest;
(2)     Plaintiffs have failed to join Princeton Place as a necessary and indispensable party; and
(3)     lack of subject matter jurisdiction over this case.

Plaintiffs contend that both the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1-14, and the New Mexico Uniform Arbitration Act, NMSA 1978 §44-7A-1, favor arbitration, and that Defendants' motion is an attempt to avoid the agreement entered into by Ms. Cantrell's power of attorney to arbitrate disputes.

## DISCUSSION

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("Twombly"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific

factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## I.     Whether Plaintiffs Are Real Parties in Interest

Defendants contend that Plaintiffs are not the real parties in interest in this lawsuit. According to the amended complaint, Carol Cantrell's attorney executed a Mutual Agreement to Arbitrate Disputes ("Arbitration Agreement") on March 5, 2016, the day after Ms. Cantrell was admitted to the facility. Doc. 22, ¶11.

The First paragraph of the Arbitration Agreement states:

> It is understood and agreed by **Princeton Place** (the "Facility") **and Cantrell, Carol** ("Resident" or "Resident's Authorized Representative"), hereinafter collectively the "Resident" that any legal dispute, controversy, demand or claim (hereinafter collectively referred to as "claim" or "claims") that arises out of or relates to the Resident Admission Agreement or any service or healthcare provided by the Facility to the Resident, shall be resolved exclusively by binding Arbitration . . . .

Doc. 1-3 (Arbitration Agreement) (emphasis added). Defendants argue that this language establishes that the only two parties to the Arbitration Agreement Princeton Place and Ms. Carroll, and that Plaintiffs are not the real parties in interest because they are not the intended beneficiaries of the agreement under New Mexico law.[2]

### A.     Relevant Law

---

[2] The parties agree that New Mexico law applies on this issue. *See* Doc. 27 at 4; Doc. 24 at 6. *See American Fidelity & Casualty Co. v. All American Bus Lines, Inc.*, 179 F.2d 7 (10th Cir. 1949) (Whether a party is a real party in interest, however, depends upon its substantive rights, which, in diversity cases, are determined by state law); *Turner W. Branch, P.A. v. Osborn*, No. 13-00110, 2014 WL 12593991, at *12 (D.N.M. Mar. 26, 2014). "However, New Mexico's *procedural* rule defining the real party in interest is not applicable. *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 (10th Cir. 1985). Rather, federal courts are concerned "only with that portion of state law from the specific right being sued upon stems." *Id.*

Fed. R. Civ. Pro. 17(a) requires that an action be prosecuted in the name of the real party in interest. A "real party in interest" is a party that has a substantive right that is enforceable under applicable substantive law. *Scheufler v. General Host Corp*., 895 F. Supp. 1416, 1418 (D. Kan. 1995), aff'd, 126 F.3d 1261 (10th Cir. 1997).

Generally, a contract cannot be enforced by a person who is not a party to the contract or not in privity with a party to the contract. *Tarin's Inc. v. Tinley*, 2000-NMCA-048, 129 N.M. 185; *Fleet Mortgage Corp. v. Schuster,* 1991-NMSC-046, ¶ 4, 112 N.M. 48, (one who is not a party to a contract cannot sue to enforce it). A third-party beneficiary, however, may have an enforceable right against a party to a contract "if the parties to the contract intended to benefit the third party." *Id.,* ¶4, 112 N.M. 48. "Whether a party is a third-party beneficiary depends on if the parties to the contract intended to benefit the third party." *Id*. "Such intent must appear either from the contract itself or from some evidence that the [third party] is an intended beneficiary." *Id.* Further, a person claiming to be a third-party beneficiary has the burden of showing that the parties to a contract intended to benefit the third party, individually or as a member of a class of beneficiaries. *Casias v. Cont'l Cas. Co.*, 125 N.M. 297, 300 (citing *Jaramillo v. Providence Wash. Ins. Co.,* 117 N.M. 337, 343 (1994)). Intent to benefit a third party "must appear either from the contract itself or from some evidence that the person claiming to be a third-party beneficiary is an intended beneficiary." *Valdez v. Cillessen & Son, Inc*., 105 N.M. 575, 581, 734 P.2d 1258, 1264 (1987).[3]

A third party beneficiary doctrine applies also to arbitration contracts. *See Rivera v. American Gen. Fin. Servs., Inc*., 2010-NMCA-046, ¶¶ 20-22, 148 N.M. 784, 242 P.3d 351 , rev'd on other grounds by 2011-NMSC-033, 150 N.M. 398, 259 P.3d 803; *Gibson v. Wal-Mart Stores, Inc*., 181 F.3d 1163, 1170 n.3 (10th Cir.1999) (a nonsignatory may enforce an arbitration

[3] Plaintiffs argue that Defendants have the burden to show that Plaintiffs are *not* real parties in interest, *see* Doc. 27 at 4, but this obviously is not a correct statement under New Mexico law.

agreement if the nonsignatory "was, at the very least, a third party beneficiary of the Agreement");

*THI of New Mexico at Hobbs Center v. Patton,* No. 11-537, 2012 WL 112216, at *8 (D.N.M. Jan. 3, 2012) (*Patton II*) (concluding that the New Mexico Supreme Court would likely follow the reasoning of numerous cases cited therein extending third-party beneficiary doctrine to arbitration agreements).

The question here is where Plaintiffs have shown that under New Mexico law, Plaintiffs are third-party beneficiaries.

B.     Analysis

Defendants claim that neither Mr. Williamson nor Mr. Winchester can be considered third-party beneficiaries because the agreement does not specifically include either individual, nor does the agreement mention the words "owner" or "member." However, they offer no case law for the proposition that in order to be third-party beneficiary, the contract must specifically name the intended beneficiary. In fact, New Mexico law requires no such thing. *See Stotlar v. Hester*, 1978-NMCA-067, ¶ 18, 92 N.M. 26, 582 P.2d 403. ("third party beneficiary does not have to be named in the contract"). New Mexico law requires only a showing that parties to the contract *intended to benefit* the third party, either individually or as a member of a class of beneficiaries." *Valdez v. Cillessen & Son, Inc.,* 1987-NMSC-015, ¶ 34, 105 N.M. 575, 734 P.2d 1258.

For example, in *Patton II,* the plaintiff (THI of New Mexico) was a "member" of Hobbs Center, but claimed to be an "affiliate" under an arbitration agreement that precluded lawsuits against "affiliates" in a court of law. *THI of New Mexico at Hobbs Ctr., LLC v. Patton*, No. CIV. 11-537 LH/CG, 2012 WL 112216, at *12 (D.N.M. Jan. 3, 2012). The term "affiliate" was not defined in the agreement at issue in that case, so the court turned to the American Heritage Dictionary 1277 (4th ed. 2006) to determine the "natural, reasonable meaning" of the term and

found that the term "affiliate" "means '[a] person, organization, or establishment associated with another as a subordinate, subsidiary, *or member*.'" *Id.* The district court therefore concluded that THI of New Mexico, which was a "member" of Hobbs Center, could not be sued in a court of law because it was considered an "affiliate" under the agreement. *See also THI of New Mexico at Vida Encantada, LLC v. Lovato*, 848 F. Supp. 2d 1309, 1317 (D.N.M. 2012) (*"Lovato"*) (finding that nursing home's affiliate was intended third-party beneficiary of arbitration agreement even though it was not signatory to agreement).

The Court finds that the conclusion reached by the court in *Patton II* may be made here as well. The Arbitration Agreement here also does not define "affiliate." The analysis starts with the first line of the Arbitration Agreement, which refers to Princeton Place as the "Facility." Doc. 1-3 at 1. Two paragraphs down, "Facility" is further defined to include not only the Facility but also:

> . . . its parent company or companies, its management company or companies, its subsidiary and affiliated entities, its benefit plans, the benefit plans' sponsors, fiduciaries, administrators, *affiliates* and agents, employees, and any successors and assigns of any of them.

Doc. 1-3 (emphasis added). Because "affiliate" is commonly understood to mean "member," Mr. Williamson and Mr. Winchester, who are "members" of the Facility, would be considered parties to the Arbitration Agreement.

Defendants contend that *Patton II* is distinguishable because here, Plaintiffs' status as "members" of Princeton Place is disputed, pointing to allegations made by Plaintiffs in their role as defendants in the state court case:

> (1) that WW Healthcare, LLC is a domestic limited liability company that does business as Princeton Place, which is a skilled nursing facility located in Albuquerque, New Mexico. NM. Doc. 36-3 (Ans.) at 2, ¶4;

> and

> (2) that Williamson and Winchester are members/owners of "the corporate structure that owns WW Healthcare, LLC." Doc. 36-3 at 2, ¶¶5, 6 (state court complaint).

The Court fails to see the dispute. The Amended Complaint states that both Mr. Williamson and Mr. Winchester are "members/owners" of WW Healthcare, LLC, which does business as Princeton Place. . . ." Doc. 22 at 1, ¶3. Moreover, as Plaintiffs note, Defendants contradict their own statements made in their role as plaintiffs in the state court amended complaints, where they allege that Plaintiffs "owned, operated, and/or managed Princeton Place." *See* Doc. 22-6. Therefore, Plaintiffs Williamson and Winchester have satisfied their burden of showing that the Arbitration Agreement in this case was intended to benefit them as third-party beneficiaries under its terms, because they are "affiliates" of the Facility and are entitled to enforce the Arbitration Agreement.

## II.     Rule 19: Joinder of Parties

WW Healthcare, LLC, d/b/a Princeton Place is named as a defendant in the state court case, but is not named as a defendant in this federal action. *See* Doc. 21-1. Defendants contend that dismissal of the complaint is warranted because Plaintiffs have failed to join Princeton Place as a required party under Fed.R.Civ.P.12(b)(7). Whether a party is necessary and indispensable is determined by considering the factors set forth in Fed.R.Civ.P. 19. A finding of indispensability under Rule 19 has three parts. *See Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278-79 (10th Cir. 2012):

> First, the court must find that a prospective party is "required to be joined" under Rule 19(a);

> Second, the court must determine that the required party cannot feasibly be joined.

> Third, the court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to the action that the action cannot "in equity and good conscience" proceed in that person's absence. If that is the case, then the action "should be dismissed.

Fed.R.Civ.P. 19(b); *id.* at 1279.

A.      Whether Princeton Place is a Necessary Party Under Rule 19(a)

When determining whether a party is necessary, "[t]he court must consider (1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations." *Rishell v. Jane Phillips Episcopal Memorial Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir.1996); Rule 19(a)(1).

Defendants contend that Princeton Place is a necessary party in this lawsuit for several reasons.  First, Defendants note that because Princeton Place was the only party present at the time the parties entered into an alleged agreement, it must be a party in this case as well in order to resolve the question of whether the Arbitration Agreement is legally enforceable.  Plaintiffs have taken the position in the state court case that Ms. Cantrell did not consent to arbitration and did not authorize anyone to agree to an arbitration clause.  Defendants also claim that Princeton Place should be joined as a necessary party to protect its own pecuniary interests, and to avoid the possibility of conflicting obligations from the two lawsuits.

Defendant's arguments are easily rejected.  The interests of Princeton Place are not impeded by the fact that it is not a party to this lawsuit.  Princeton Place is a limited liability company and while it is not a corporation, it is nevertheless an entity that can act only through individuals—here, its' member/owners.  *Cmp.* NM UJI-13-409 (corporation can act only through its officers and employees).  As members/owners of Princeton Place, Plaintiffs Williamson and Winchester represent its interests just as though Princeton Place had been named as a party, and this includes any issue concerning the enforceability of the Arbitration Agreement. Nor is Princeton Place at risk of incurring double or inconsistent obligations because it is not a party to

the federal lawsuit. This federal action was filed solely to compel arbitration, and does not seek to address the merits of Plaintiffs' claims for wrongful death and loss of consortium. *See* Doc. 36-1; 36-2 (state court complaints). Moreover, inconsistent arbitration rulings are not necessarily compelling enough to render a party indispensable under Rule 19, since parties may be added to an arbitration proceeding. *See, e.g., Life Care Centers of Am., Inc. v. Estate of Blair by & through Rhoden*, No. CV 17-0249 KBM/KK, 2017 WL 3432209, at *10 (D.N.M. Aug. 9, 2017) (possibility of inconsistent judgments may be "lessened or avoided" where plaintiff had ability to identify any party he wanted to add to the arbitration).

The Court's conclusion here is consistent with other cases from this circuit that have addressed the same issue. For example, In *THI of New Mexico at Vida Encantada, LLC v. Archuleta*, United States District Judge Bruce Black concluded that a nursing home employee, named in the state court action but not in the federal court action, was neither necessary nor indispensable. Judge Black first noted that the employee was "likely covered by the terms of the disputed arbitration clause" and that joining the employee "would destroy federal jurisdiction" because diversity would be lacking. Civil No. 11-0399, 2012 WL 8169886, at *2 (D.N.M. Jan. 12, 2012) (*"Archuleta"*). The court nevertheless held that the absent employee need not be joined because the employee's interests would be "adequately protected by his employer." *Id.* at *2-3. Judge Black also acknowledged the possibility of inconsistent obligations if the state court action were resolved differently than the federal court action, but nevertheless held that the absent employee was not necessary because the court "could render an adequate and nonprejudicial judgment by ruling on arbitrability only as to the parties before it." *Id.* Judge Black also held that the "[r]isk of incurring inconsistent arbitration obligations, without more, is

insufficient to render a party indispensable under Rule 19." *Archuleta,* 2012 WL 8169886 at *2

(citing *Snap–On Tools Corp. v. Mason*, 18 F.3d 1261, 1265-67 (5th Cir.1994)).[4]

In another case from the District of New Mexico, *THI of New Mexico at Hobbs Ctr., LLC v. Patton*, United States District Judge LeRoy Hansen rejected the argument that the nursing home administrator, who was named in the state court action but not in the federal court action, was necessary and indispensable. 851 F. Supp. 2d 1281, 1288 (D.N.M. 2011) (*Patton I*).  Judge Hansen held that the administrator was not necessary or indispensable because the court could:

> administer complete relief—an order compelling arbitration—among the existing parties and [the nursing home administrator] himself is not claiming an interest in this arbitration action that will be impaired by his absence.  Although failing to dismiss this case may result in piecemeal litigation, that factor alone is not compelling enough to find [the administrator] to be an indispensable party."

851 F.Supp.2d at 1288; *see also THI of New Mexico at Hobbs Ctr., LLC v. Spradlin*, 893 F. Supp. 2d 1172, 1179 (D.N.M. 2012), *aff'd,* 532 F. App'x 813 (10th Cir. 2013) ("*Spradlin*")  (courts have held that nursing home "administrators are not necessary parties under Rule 19 when another alleged joint tortfeasor seeks to enforce arbitration" (quoted authority omitted)).

Here as well, Princeton Place is not a necessary party to this federal lawsuit, since its interests would be adequately protected by its member/owners—Mr. Williamson and Mr. Winchester.   Finally, even assuming there could be any inconsistencies regarding arbitration obligations, these inconsistencies are not dispositive for Rule 19 purposes.

Defendants rely on *National Union Fire Ins. Co. of Pittsburgh, P.A. v. Rite Aid of S.C., Inc.,* 210 F.3d 246, 251-52 (4th Cir. 2000) to argue that Princeton Place must be joined to protect

---

[4] *See also Brown v. Pac. Life Ins. Co*, 462 F.3d 384, 394 (5th Cir.2006) ("threat of piecemeal, inconsistent litigation of claims and issues . . . is insufficiently prejudicial to render a party indispensable under Rule 19 given the oft-stated preference for arbitration under the FAA"); *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 203 (6th Cir.2001) ("fear that the federal and state courts will reach conflicting interpretations of the arbitration clauses does not present the degree of prejudice necessary to support a conclusion that [the absentee party] is an indispensable party"); *Bio - Analytical Services, Inc.*, 565 F.2d at 453 (finding that an absentee party is not indispensable where "the only danger is inconsistent judgments on the arbitration issue").

its own interests. However, this reliance is misplaced. The plaintiff in *National Union* was an insurer who brought suit seeking a declaration that a commercial general liability policy did not obligate it to provide coverage to the insured subsidiary in two consolidated product liability lawsuits, due to subsidiary's failure to comply with notice provisions of policy. The Fourth Circuit affirmed the district court's dismissal of the insurer's lawsuit on the ground that the parent company was a necessary and indispensable party to the declaratory judgment action under Rule 19 whose joinder would destroy complete diversity of citizenship, the only basis for subject matter jurisdiction. The court found that the parent company had a "direct interest in the district court's determination of its reporting obligations as well as an interest in coverage [for its subsidiary]" where by contrast, the subsidiary's interest as a beneficiary of the policy, was "limited solely to coverage . . . ." 210 F.3d at 251.

In this case, the interests of Plaintiffs align with the interests of Princeton Place, and so the basis for the court's findings in *National Union* do not exist here. The Court therefore finds that Princeton Place is not a necessary party under Rule 19.

B.    Remainder of Rule 19 Analysis

The Court need not proceed further under a Rule 19 analysis, since a determination of whether a party is indispensable is made only where that party is first determined to be "necessary" under Rule 19. *See Rishell,* 94 F.3d at 1411 (Determination of whether a party is indispensable is made after a court finds a party is necessary). However, even if the Court found that Princeton Place was a necessary party, the federal lawsuit could proceed because Princeton Place could feasibly be joined.

The Amended Complaint asserts diversity of citizenship under 28 U.S.C. §1332(a)(1) as the basis for federal jurisdiction, based on the facts stating that Plaintiffs Williamson and

Winchester are Texas citizens. Doc. 22 at 2, ¶3. Assuming that Princeton Place was found to be a "necessary" party under Rule 19, joinder would be feasible because Princeton Place is a diverse party, and joinder would not destroy diversity jurisdiction. Defendants have the mistaken impression that Princeton Place is a citizen of New Mexico. *See* Doc. 24 at 18. However, Princeton Place is a limited liability company, and not a corporation. *See* Doc. 36-2 at 1, ¶4 ("Defendant WW Healthcare, LLC, d/b/a Princeton Place . . . is a domestic limited liability company."). The citizenship of a limited liability company is determined by the citizenship of all its members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co*., 781 F.3d 1233, 1237-38 (10 Cir. 2015) and *Mgmt. Nominees, Inc. v. Alderney Investments*, LLC, 813 F.3d 1321, 1324-25 (10th Cir. 2016).

Since joinder would be feasible for Princeton Place as a "necessary" party under Rule 19, there is no need to continue on to determine whether Princeton Place is "indispensable." While the Court views further analysis as unnecessary, it may be noted that other judges within this district have ruled that nursing home facilities who were named as defendants in the underlying state tort action were not necessary and indispensable parties in the nursing home's federal court action to compel arbitration, for example:[5]

- In *Life Care Centers of Am., Inc. v. Estate of Blair by & through Rhoden*, United States Magistrate Judge Karen Molzen held that the state court defendants, including the nursing home facility, were "necessary" parties under Rule 19(a) because specific language in the arbitration agreement required that all claims based on the same incident be arbitrated in one proceeding. No. CV 17-0249 KBM/KK, 2017 WL 3432209, at *9 (D.N.M. Aug. 9, 2017), Joinder of the non-diverse state court defendants would destroy diversity. However, the court found that these defendants were not "indispensable" under Rule 19(b) because plaintiff had the "ability to mitigate or even eliminate any potential prejudice" he had identified. If the court ordered his claim to arbitration, plaintiff would "have the power to

<hr>

[5] *See also Jerry Erwin Assocs., Inc. v. Estate of Asher by & through Zangara*, 290 F. Supp. 3d 1213, 1232 (D.N.M. 2017) (citing to several cases within the District of New Mexico which determined diversity in federal action to compel arbitration based on citizenship of parties in federal court action, where state court defendants were found not to be indispensable).

identify any party he wants to add to the arbitration." This would allow plaintiff to name all of the parties that he listed in the state court claim and have all his claims decided together, consistent with the provisions in the arbitration agreement.

- In *Patton I,* a case discussed above, Judge Hansen also rejected the argument that the nursing home administrator, who was named in the state court action but not in the federal court action, was necessary and indispensable. 851 F. Supp. 2d at 1288.

- In *Lovato*, 848 F. Supp. 2d at 1317, another case mentioned previously, United States District Judge Martha Vazquez held that the non-diverse nursing home  administrator was not indispensable to the federal action to compel arbitration, and thus could not defeat jurisdiction.[6]

Therefore, based on the foregoing reasons, the Court finds that Princeton Place is not an indispensable party under Rule 19.  It is not "necessary" as a party, and joinder would be feasible even if it were found to be a "necessary" party.

## III.    Subject Matter Jurisdiction

Defendants' final challenge is to this Court's subject matter jurisdiction over this lawsuit. As discussed above, diversity of citizenship exists between the parties.  Nevertheless, Defendants insist there is no federal jurisdiction over the matter because:

(1) Neither Plaintiff Williamson nor Plaintiff Winchester is a real party in interest; and

(2) Even if Plaintiffs were real parties in interest, they still cannot establish diversity jurisdiction "because Princeton Place, a New Mexico citizen, is both a necessary and indispensable party, and must be joined pursuant to Rule 19."

Neither argument can prevail.  Regarding the first argument, the Court has determined that both Plaintiffs are real parties in interest and are intended third-party beneficiaries of the Arbitration Agreement as "affiliates."  The second argument fails because as discussed above, Princeton Place is a limited liability company which derives its citizenship from its members, who

---

[6] These cases involved non-diverse state court defendants (unlike the instant case), but this distinction is irrelevant because the analysis in these cases turned on the finding that the nursing home administrator or facility was not indispensable to the federal action, and so diversity was based on the parties in the federal action. *See, e.g., Patton I,* 851 F.Supp.2d 1281, 1286 (D.N.M. 2011)(Hansen, Senior J.)("THI")(citing *Rutherford*, 605 F.3d at 491) (a court should not "look through" to the parties in the state court action in a diversity case).

are *both* Texas residents.  Thus, diversity would not be destroyed if Princeton Place was joined, and the Court would continue to have subject matter jurisdiction over this case.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint to Compel Arbitration Pursuant to Rule 12 of the Federal Rules of Civil Procedure **(Doc. 24)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE