IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY WILLIAMSON and
HORACE WINCHESTER,

      Plaintiffs,

      v.                                                                                                   No. 1:18-cv-00432-WJ-SCY

MARC GRANO, as personal representative
of the Estate of CAROL CANTRELL; and
JACK CANTRELL,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS PURSUANT TO
PRIORITY JURISDICTION OR TO STAY PURSUANT TO ABSTENTION DOCTRINE**

      THIS MATTER comes before the Court upon Defendants' Motion to Dismiss Amended Complaint to Compel Arbitration Pursuant to Priority Jurisdiction, or Alternatively, Motion to Stay Pursuant to the Abstention Doctrine and Motion to Extend Deadline to Issue Scheduling Order, filed October 4, 2018 (**Doc. 36**). As an initial matter, Defendants' request to delay the entry of a scheduling order pending resolution of the dispositive motions before the Court is moot, since the Court's docket indicates that the scheduling conference has already been vacated. *See* Doc. 44 (text entry vacating Oct. 23, 2018 scheduling conference).

      The remainder of the instant motion to dismiss raises jurisdictional challenges to Plaintiffs' complaint, which the Court herein also finds to be moot.

## BACKGROUND

      This case stems from a wrongful death lawsuit in state court, filed in the County of San Miguel, Fourth Judicial District Court, involving the death of Carol Cantrell. See Doc. 21-1 (state

court complaint). In that lawsuit, Marc Grano as personal representative of Carol Cantrell's estate and Jack Cantrell, Carol's brother, are suing Plaintiff Jerry Williamson for Ms. Cantrell's allegedly wrongful death from a fatal complication of untreated diabetes. Mr. Williamson is member/owner of WW Healthcare, L.L.C. which does business as Princeton Place, a skilled nursing facility located in Albuquerque, New Mexico. On May 9, 2018, Plaintiff Williamson (a defendant in the state court action) filed this independent and separate federal action to compel arbitration of all matters related to the care and treatment that Ms. Cantrell received at Princeton Place. The federal lawsuit was filed pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1-14 and subject to this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1). Defendants seek dismissal of Plaintiffs' complaint on two grounds: (1) this Court lacks priority jurisdiction; and (2) this Court should abstain from exercising jurisdiction over this case under the *Colorado River* Doctrine.

## DISCUSSION

The facts relevant to whether this federal case should be dismissed are presented here in table form to provide a basis for a clearer discussion:

| Date | State Court Case | Federal Case |
|---|---|---|
| **Jan. 29, 2018** | Grano[1] filed the state court complaint for wrongful death and loss of consortium in the Fourth Judicial District, State of New Mexico. The complaint alleged claims of medical negligence, breach of fiduciary duty and unfair trade practices. Doc. 36-1. | |
| Feb. 28, 2018 | Williamson and Winchester "(Princeton Place Parties)" were added as defendants to the state court case. | |
| Mar. 29, 2018 | Grano filed Sec. Am. Compl. in state court. Doc. 21-1. | |
| May 2, 2018 | Princeton Place parties filed Answer to Grano's Sec. Am. Comp. | |

---

[1] "Grano" refers collectively to the state court plaintiffs. Marc Grano filed the state court action stemming from the wrongful death of Carol Cantrell.

2

| | | |
|---|---|---|
| **May 9, 2018** | | Princeton Place parties filed this federal lawsuit pursuant to the ("FAA"), 9 U.S.C. §§1-14 and subject to this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1). Sole cause of action seeks to compel arbitration under the FAA. |
| May 11, 2018 | Princeton Place parties filed a Motion for Protective Order and Motion to Stay Proceedings Pending Resolution of Federal Action to Compel Arbitration or In the Alternative Motion to Compel Arbitration *See* Doc. 21-3.<br><br>The motion was fully briefed on Sept. 18, 2018 and set for hearing in state court on Nov. 8, 2018. *See* Doc. 36-4 (in federal case). | |
| Aug. 29, 2018 | Grano filed a "Motion for Summary Judgment on the Enforceability of the Alleged Arbitration Agreement."<br><br>The motion was fully briefed on Sept. 27, 2018 and The motion was set for hearing in state court on November 8, 2018. *See* Doc. 36-5 (in federal case) | |
| Oct. 4, 2018 | | Grano filed instant Mot. to Dismiss Pursuant to Priority Jurisdiction and to Abstain under *Colorado River* Doctrine (Doc. 36)<br><br>The reply was filed Nov. 2, 2018 (Doc. 48). |
| Nov. 20, 2018 | State Court Order granting Princeton Place parties' Mot. to Stay Proceedings as to the Princeton Place Defendants only, "pending a disposition of the federal proceeding."[2] | |

---

[2] The Order was issued by the Hon. Abigail Aragon, 4th Judicial District Court, San Miguel County. *See* No. D-412-CV2018-00061, filed 11/20/2018 at 10:56 a.m. *See* Court's Ex. 1. There is also an Order issued about an hour

To encapsulate the pertinent facts above: two days after filing this federal lawsuit to compel arbitration, the Princeton Place parties filed a motion in the state court case to stay proceedings ("state court motion to stay") pending this Court's disposition of the arbitration issue. The state court motion to stay was fully briefed and set for a November 8, 2018 hearing in state court about a week before the federal Defendants filed the instant motion to dismiss on jurisdictional and abstention grounds ("federal motion to dismiss"). The federal motion to dismiss was fully briefed on November 2, 2018—a week before the state court hearing was set. Since completing of briefing, neither party has advised the Court as to the results of the state court hearing or whether a ruling has been made on the state court motion to stay, and there is no filing on the docket to indicate any changes to the posture of the case.

The Court was not inclined to consider this federal motion to dismiss without the benefit of knowing whether a ruling has been made in the state court motion to stay, and so inquired about the status of the state court motion, utilizing a search of the New Mexico Secure Court Case website. The Court discovered that, as indicated in the table above, Judge Aragon, the presiding judge in the state court case acknowledged that Williamson and Winchester (the Princeton Place parties) had filed a federal cause of action in federal court seeking to compel arbitration of the claims asserted against them by Mr. Grano and the Cantrells. *See* Court's Ex. 1. Judge Aragon found that "neither party nor the Court is served by both the federal court and the state court proceeding on the same matter

---

earlier by Judge Aragon, at 9:44 a.m. which contains some additional decretal language pertaining to a protective order but also grants a stay of state court proceedings as to the Princeton Place parties.

4

simultaneously" and granted the Princeton Place parties' motion to stay as to those parties only, pending a disposition of the federal proceedings. *Id.*

At this point, it is plain that the postural background of this case has changed. It is pointless to deliberate on whether this Court lacks priority jurisdiction or whether this Court should abstain under the *Colorado River* doctrine when the state court proceeding can no longer proceed as a result of Judge Aragon's issuance of a stay.[3] Defendants' motion will therefore be denied as moot, and this federal case will proceed.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Amended Complaint to Compel Arbitration Pursuant to Priority Jurisdiction, or Alternatively, Motion to Stay Pursuant to the Abstention Doctrine and Motion to Extend Deadline to Issue Scheduling Order **(Doc. 36)** is therefore DENIED AS MOOT for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The *Colorado River* Doctrine was adopted to avoid duplicative litigation. *See Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). The *Colorado River* Doctrine permits a federal court that would otherwise have concurrent jurisdiction with a state court to "dismiss or stay a federal action in deference to pending parallel state court proceedings." *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (citing *Colo. River*, 424 U.S. at 817).